2016R00677/CDA

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| | : | |
| v. | : | Criminal No. 21-501(MCA) |
| | : | |
| JAMES MAGINN | : | 18 U.S.C. § 1349 |
| | : | |

# I N F O R M A T I O N

### COUNT ONE
### (Conspiracy to Commit Health Care Fraud)

The defendant having waived in open court prosecution by Indictment, the Acting United States Attorney for the District of New Jersey charges:

### Relevant Entities and Definitions

1. At various times relevant to this Information:

    a. Defendant JAMES MAGINN was a resident of Nassau County, New York. He was the president and owner of Clear Diagnostic Solutions, Inc., owner of Preventive M Services, LLC, and manager of "Medical Services Company-1" (collectively, the "Companies").

    b. The "Victim Fund" is one of the largest labor-management funds in the United States. It provides a range of comprehensive benefits to over 400,000 working and retired health care industry workers and their families ("Members"), specifically to one of the largest health care unions (the "Union") in the United States. The Members enjoy complete health benefits at little or no cost. The Victim Fund is a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).

## THE HEALTH CARE FRAUD CONSPIRACY

2.      From in or around January 2016 through in or around October 2019, in the District of New Jersey, and elsewhere, the defendant

**JAMES MAGINN,**

did knowingly and intentionally conspire and agree with others to knowingly and willfully execute a scheme and artifice to defraud the Victim Fund, a health care benefit program as defined under Title 18, United States Code, Section 24(b), and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

### Object of the Conspiracy

3.      The object of the conspiracy was for JAMES MAGINN and the co-conspirators to profit by submitting claims to the Victim Fund for reimbursement for unnecessary medical testing.

### Manner and Means of the Conspiracy

4.      It was part of the conspiracy that:

a.      Defendant JAMES MAGINN and the co-conspirators used their connections with the Union and the Victim Fund to cause at least one Union official to allow MAGINN and the co-conspirators to run unauthorized health and wellness fairs (the "Health Fairs") for Members.

b.      At various times, Defendant JAMES MAGINN and the co-conspirators paid at least one Union official as much as $10,000 per Health Fair in exchange for allowing the co-conspirators to run the Health Fairs for the Members.

c.      Defendant JAMES MAGINN and the co-conspirators advertised the Health Fairs to the Members as free preventive screening events.

d.      Defendant JAMES MAGINN and the co-conspirators hired medical professionals, including doctors, nurse practitioners, and technicians, to conduct certain unnecessary medical exams and testing at the Health Fairs, including nerve conduction studies, allergy tests, ultrasounds, vascular studies, dopplers, and echocardiograms, and to read and approve the testing conducted at the Health Fairs, knowing that such exams and testing were medically unnecessary.

e.      Defendant JAMES MAGINN and the co-conspirators encouraged and paid the medical professionals to conduct as many medical tests on as many Members as possible regardless of medical necessity.

f.      Between in or around January 2017 and April 2018, Defendant JAMES MAGINN used the Companies to submit thousands of claims to the Victim Fund for the medical testing conducted at the Health Fairs, causing the Victim Fund to issue payments to Defendant JAMES MAGINN and the co-conspirators in the amount of approximately $2,880,436.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION

1. Upon conviction of the Federal health care offense (as defined in 18 U.S.C. § 24) alleged in this Information, the defendant, JAMES MAGINN, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), all property, real or personal, that constitutes or is derived, directly and indirectly, from gross proceeds traceable to the commission of the offenses (as defined in 18 U.S.C. § 24) alleged in Count One of this Information.

### Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

_____
RACHAEL A. HONIG
Acting United States Attorney

CASE NUMBER: _____

# United States District Court
# District of New Jersey

## UNITED STATES OF AMERICA

v.

## JAMES MAGINN

# INFORMATION FOR
18 U.S.C. § 1349

**RACHAEL A. HONIG**
*ACTING UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

CHRISTOPHER D. AMORE
*ASSISTANT U.S. ATTORNEY*
973-645-2757

**USA-48AD 8**
**(Ed. 1/97)**