

# U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

*970 Broad Street, Suite 700*                     (973) 645-2700
*Newark, NJ 07102*

CDA/PL.AGR
2016R00677

February 10, 2021

Carol Dominguez, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

Re:  Plea Agreement with James Maginn

Dear Ms. Dominguez:

This letter sets forth the plea agreement between your client, James Maginn ("MAGINN"), and the United States Attorney for the District of New Jersey ("this Office").

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from MAGINN to an Information charging him with knowingly and willfully conspiring to defraud a health care benefit program, contrary to 18 U.S.C. § 1347, in violation of 18 U.S.C. § 1349.  If MAGINN enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against MAGINN for, during the time period of in or around January 2015 through in or around October 2019, participating in a conspiracy to improperly bill the 1199SEIU National Benefit Fund for medically unnecessary testing performed at health screening fairs for members of the 1199SEIU United Healthcare Workers East.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, MAGINN agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement

is signed by MAGINN may be commenced against him, notwithstanding the expiration of the limitations period after MAGINN signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 to which MAGINN agrees to plead guilty carries a statutory maximum prison sentence of ten years and a statutory maximum fine equal to the greatest of (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon MAGINN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence MAGINN ultimately will receive.

Further, in addition to imposing any other penalty on MAGINN, the sentencing judge (1) will order MAGINN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order MAGINN to pay restitution pursuant to 18 U.S.C. §§ 3663 *et seq.*; (3) may order MAGINN pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require MAGINN to serve a term of supervised release of not more than three years, which term of supervised release will begin at the expiration of any term of imprisonment imposed. Should MAGINN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, MAGINN may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution Agreement

In addition, MAGINN agrees to pay restitution in an amount to be determined at the time of sentencing for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(c)(7), MAGINN agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the violation of 18 U.S.C. § 1349 charged in the Information, which is a Federal health care offense within the meaning of 18 U.S.C. § 982(a)(7).

MAGINN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. MAGINN understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. MAGINN waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

MAGINN further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If MAGINN fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that MAGINN has intentionally failed to disclose assets on his Financial Disclosure Statement, MAGINN agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

3

Rights of this Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on MAGINN by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement and (2) the full nature and extent of MAGINN's activities and relevant conduct with respect to this case.

Stipulations

This Office and MAGINN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or MAGINN from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict the Government's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and MAGINN waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

MAGINN understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against MAGINN. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against MAGINN.

No provision of this agreement shall preclude MAGINN from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that MAGINN received constitutionally ineffective assistance of counsel.

<u>No Other Promises</u>

       This agreement constitutes the plea agreement between MAGINN and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

                         Very truly yours,

                         RACHAEL A. HONIG
                         Acting United States Attorney

By: CHRISTOPHER D. AMORE
                         Assistant U.S. Attorney

APPROVED:

DARA A. GOVAN
Chief, Government Fraud Unit

6

I have received this letter from my attorney, Carol Dominguez, Esq. I have read this letter. My attorney and I have discussed the letter and all of its provisions, including the provisions addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. I understand the letter fully. I hereby accept the terms and conditions set forth in this letter and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date:   February 10, 2021
James Maginn

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, forfeiture, the stipulations, waiver, and immigration consequences. My client understands the letter fully and wants to plead guilty pursuant to this plea agreement.

_____          Date:   February 10, 2021
Carol Dominguez, Esq.

7

**Plea Agreement With James Maginn ("MAGINN")**
**Schedule A**

1.      This Office and MAGINN recognize that the United States
Sentencing Guidelines are not binding upon the Court.  This Office and
MAGINN nevertheless agree to the stipulations set forth herein, and agree that
the Court should sentence MAGINN within the Guidelines range that results
from the total Guidelines offense level set forth below.  This Office and MAGINN
further agree that neither party will argue for the imposition of a sentence
outside the Guidelines range that results from the agreed total Guidelines
offense level.

2.      The version of the United States Sentencing Guidelines, effective
November 1, 2018, applies in this case.

3.      The applicable guideline for this offense is U.S.S.G. § 2X1.1, which
provides that the base offense level for any conspiracy is the base offense level
from the guideline for the substantive offense, plus any adjustments from such
guideline for any intended offense conduct that can be established with
reasonable certainty.  Because the substantive offense is health care fraud, the
applicable guideline is U.S.S.G. § 2B1.1.

4.      Under U.S.S.G. § 2B1.1, the base offense level for this offense is 6
because conviction of the offense charged carries a statutory maximum term of
imprisonment of less than twenty years. *See* U.S.S.G. § 2B1.1(a)(2).

5.      Because this offense involved losses totaling more than $1,500,000
but not more than $3,500,000, the Specific Offense Characteristic results in an
increase of 16 levels.  *See* U.S.S.G. § 2B1.1(b)(1)(I).

6.      The Total Base Offense Level is 22.

7.      As of the date of this letter, MAGINN has clearly demonstrated a
recognition and affirmative acceptance of personal responsibility for the offense
charged.  Therefore, a downward adjustment of 2 levels for acceptance of
responsibility is appropriate if MAGINN's acceptance of responsibility continues
through the date of sentencing.  *See* U.S.S.G. § 3E1.1(a).

8.      As of the date of this letter, MAGINN has assisted authorities in the
investigation or prosecution of his own misconduct by timely notifying
authorities of his intention to enter a plea of guilty, thereby permitting this
Office to avoid preparing for trial and permitting this Office and the court to
allocate their resources efficiently.  At sentencing, this Office will move for a
further 1-point reduction in MAGINN's offense level pursuant to U.S.S.G. §
3E1.1(b) if the following conditions are met: (a) MAGINN enters a plea pursuant

to this agreement, (b) this Office in its discretion determines that MAGINN's acceptance of responsibility has continued through the date of sentencing and MAGINN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) MAGINN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9.      In accordance with the above, the parties agree that the total Guidelines offense level applicable to MAGINN is 19 (the "agreed total Guidelines offense level").

10.      The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.  The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 19 is reasonable.

11.      MAGINN knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 19.  This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 19.  The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12.      Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.